IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOROTEO RENDON-MARTINEZ,
No. 09999-280,

Petitioner,

vs.

T. G. WERLICH,

Respondent.                                    Case No. 18–cv–01209-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Doroteo Rendon-Martinez is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"). He brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner was sentenced as a career offender under the Armed Career Criminal Act. (Doc. 1, p. 29). He now asks this Court to vacate his enhanced sentence under *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), and/or *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016). (Doc. 1, pp. 1, 29).

The Petition is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes this Court to apply

the rules to other habeas corpus cases.

The Petition does not survive screening and shall be dismissed. It includes virtually no facts about the petitioner's underlying criminal case or the reason for bringing this action. Instead, the Petition consists of dozens of excerpts from case law and legal briefs that have been cut and pasted together. These excerpts have no apparent connection to each other or to the petitioner. The Court could only discern the basis for this habeas action by looking at the Petition's heading, *i.e.*, "Memorandum in Support of 28 U.S.C. § 2241, *Mathis* Under *Dawkins*," and the final paragraph, entitled "Remedy Sought" and citing *Johnson*. (Doc. 1, pp. 1, 29). All other information contained in the Petition is incomprehensible. (Doc. 1, pp. 1-29).

Beyond this, the petitioner has already pursued relief under *Johnson* unsuccessfully. *See Rendon-Martinez v. Werlich*, No. 16-cv-00415-DRH (S.D. Ill. dismissed May 11, 2016) (Doc. 3). His first § 2241 Petition was dismissed *with prejudice*. *Id*. The dismissal was affirmed on appeal. *See Rendon-Martinez v. Werlich*, App. No. 16-2207 (7th Cir. Nov. 4, 2016). *Johnson* provides no avenue to relief.

Further, the petitioner cites *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016), without explaining why—beyond vaguely alluding to his underlying serious drug offenses and asking this Court to vacate his enhanced sentence. (Doc. 1, p. 29). If he seeks relief under *Mathis* or any other "new" case, the petitioner must briefly set forth the facts and law that support his request for

2

relief. In other words, he must tell the Court why he thinks he is entitled to habeas relief. As it stands, the Petition does not survive screening.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**. If Petitioner wishes to pursue this habeas action further, he must file a *coherent* Petition setting forth the facts and law that support his request for relief. In addition, he must pay the $5.00 fee for this action. The deadline for doing both is August 20, 2018.

To assist the petitioner in complying with this Order, the Clerk is **DIRECTED** to provide the petitioner with a blank Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. He should label it "First Amended Petition" and list *this* case number (*i.e.*, No. 18-cv-01209-DRH) on the first page. An amended petition supersedes and replaces all prior versions, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). For this reason, the First Amended Petition must stand on its own without reference to the original Petition. Petitioner is **WARNED** that failure to comply with this Order will result in dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure.

Finally, Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and

3

not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.22
18:06:55 -05'00'

_____
**United States District Judge**