IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DOROTEO RENDON-MARTINEZ,**
No. 09999-280,

**Petitioner,**

vs.

**T. G. WERLICH,**

**Respondent.**                              Case No. 18–cv–01209-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court for consideration of an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241[1] filed by Petitioner Doroteo Rendon-Martinez ("Martinez"), a federal inmate who is incarcerated in the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). (Docs. 9, 10). Martinez is serving two concurrent sentences of 180 months for unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(5)(A), and for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(b). *See United States v. Rendon-Martinez*, No. 10-cr-95-C (W.D. OK 2010) ("criminal case"). The United States District Court for the Western District of Oklahoma sentenced Martinez under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1),

---

[1] The original Petition was dismissed because it was incomprehensible, and Petitioner was granted leave to file an Amended Petition. He responded by filing two documents on the same date, an Amended Petition (Doc. 9) and self-styled Motion for Clarification (Doc. 10). Because the documents refer to and incorporate one another by reference, the Court has construed them together as a single Amended Petition.

1

after finding that three of his prior convictions qualified as serious drug offenses under 18 U.S.C. § 924(e)(2)(A). He now challenges his enhanced sentence under *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016).

The Amended Petition is before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes this Court to apply the rules to other habeas corpus cases. After carefully reviewing the Amended Petition, the Court concludes that Martinez is not entitled to relief.

I. **Amended Petition**

Martinez contends that his enhanced sentence should be vacated in light of the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016). (Docs. 9, 10). In support of his *Mathis* claim, Martinez asserts that his three prior convictions for "serious drug offenses" should have been charged as "elements" in an indictment and proven beyond a reasonable doubt at trial before he was subject to an enhanced sentence under the ACCA. *Id*. He faults trial counsel for failing to warn him that stipulating to the elements of the charged crimes in his criminal case could result in an enhanced sentence under the ACCA. *Id*. He also faults his trial counsel for failing to present a reasonable alternative plea option in violation of *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v.*

*Cooper*, 566 U.S. 156 (2012). Martinez asks this Court to vacate his sentence. (Doc. 9. p. 8).

## II. Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a motion brought before the sentencing court under 28 U.S.C. § 2255, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). However, § 2255 generally limits a prisoner to a single challenge of his conviction or sentence. A "second or successive" motion requires prior authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h). Martinez unsuccessfully challenged his conviction and sentence in a § 2255 motion. *Martinez v. United States*, Case No. 12-cv-388-C (W.D. OK 2012). His application to file a second or successive § 2255 motion was also denied. *Martinez*, App. No. 16-6005 (10th Cir. 2016).

Section 2255(e) contains a "savings clause" that allows a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that a 'legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). Section 2255 is not ineffective

simply because a court decides adversely to the petitioner, so Martinez's past lack of success in bringing a § 2255 motion does not automatically trigger the savings clause. *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005).

The Seventh Circuit has identified three conditions that must be satisfied to invoke the savings clause and obtain collateral relief under § 2241. *In re Davenport*, 147 F.3d at 611. First, the petitioner must show that he relies on a new statutory interpretation case and not a constitutional case. Second, the petitioner must show that he relies on a decision that could not have been invoked in his first § 2255 motion *and* that case must apply retroactively. Third, he must show that there is a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d at 586.

Martinez cannot satisfy the first *Davenport* requirement. *Mathis* is the only "new" case he cites in the Amended Petition, and his arguments do not flow from this decision. In *Mathis*, the Supreme Court discussed the appropriate analytical framework for comparing past convictions to a generic offense listed under the enumerated clause of the ACCA. *See Mathis*, 136 S. Ct. at 2247. Martinez does not argue that any one of his prior convictions no longer qualifies as a predicate offense under the framework announced in *Mathis*. (Docs. 9, 10). He argues that the existence of each prior conviction and their classification as a "serious drug offense" should have been charged in an indictment and proven beyond a reasonable doubt. *Mathis* is inapplicable in this context.

Moreover, Martinez already had an opportunity to raise this argument in his direct appeal. *See United States v. Rendon-Martinez*, 437 F. App'x 685 (10th Cir. 2011). The Tenth Circuit Court of Appeals already considered and rejected the argument. The court explained that the prior convictions were not facts that must be pled in an indictment, submitted to a jury, or established beyond a reasonable doubt before enhancing a defendant's sentence under the ACCA. *Id.* (citing *United States v. Moore*, 401 F.3d 1220, 1221-24 (10th Cir. 2005)). Martinez is thus precluded from using the savings clause to relitigate this issue.

His reliance on *Frye* and *Lafler* to challenge the effectiveness of his counsel is also misplaced. Martinez previously pursued relief on this ground in a § 2255 motion without any success. *United States v. Rendon-Martinez*, 2012 WL 1977954 (W.D. OK 2012). Moreover, these cases do not trigger the savings clause. *Frye* is a constitutional case, not a statutory interpretation case, and it did not announce a new rule of law. *See Frye*, 566 U.S. at 146 ("This application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*."). *See also Hare v. United States*, 688 F.3d 878 (7th Cir. 2012) ("Neither *Frye* not its companion case, *Lafler* . . . , directly addressed the old/new rule question, but the Court's language repeatedly and clearly spoke of applying an established rule to the present facts."). Having failed to clear the first *Davenport* hurdle, Martinez is foreclosed from pursuing relief under § 2241 based on *Mathis, Frye,* or *Lafler*. Accordingly, the § 2241 Petition shall be dismissed.

### III. <u>Disposition</u>

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docs. 9, 10) is **DISMISSED** with prejudice. If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.** /s/ David R. Herndon

Judge Herndon
2018.10.29 15:52:46
-05'00'

United States District Judge